﻿Citation Nr: AXXXXXXXX
Decision Date: 03/21/19 Archive Date: 03/21/19

DOCKET NO. 181210-1326
DATE: March 21, 2019

REMANDED

The issue of service connection for irritable bowel syndrome (IBS) (claimed with acid reflux) is remanded.

REASONS FOR REMAND

The Veteran had active service in the United States Navy from February 1982 through November 1990.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2018 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

Applicable to this matter is the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

1. Service connection for IBS (claimed with acid reflux) is remanded.

The issue of service connection for IBS is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) did not obtain a VA examination regarding whether the Veteran’s IBS was caused by an in-service injury, event, or illness. The Board finds that a VA examination is required to make this determination.

The matter is REMANDED for the following action:

1. Request the Veteran provide any service treatment records she possesses or identify and secure any relevant private medical records that are not in the claims file. If the Veteran identifies private records, following the securing of the appropriate waivers, make all appropriate attempts to locate such records and to associate them with the claims file. If the Veteran has no further evidence to submit, or, if after exhaustive efforts have been made, no records can be identified, so annotate the record.

2. Obtain any outstanding VA medical records and associate them with the claims file.

3. Schedule the Veteran for an appropriate VA examination to determine the nature and etiology of her IBS. The entire claims file, including a copy of the Remand, should be made available to, and be reviewed by, the VA examiner. All appropriate tests, studies, and consultations should be accomplished and all clinical findings should be reported in detail. An explanation should be given for all opinions and conclusions rendered.

Based upon a review of the relevant evidence of record, history provided by the Veteran, and sound medical principles, the VA examiner should provide the following opinion:

(a.) Identify whether the Veteran’s IBS and/or gastroesophageal reflux disease (GERD) incurred in service or was caused by an in-service injury, event or illness.

The examiner must review the entire record in conjunction with rendering the requested opinions. In addition to any records that are generated because of this Remand, the VA examiner’s attention is drawn to the following:

• October 2017 Mental Health Medication Mgt Note indicating a diagnosis of IBS and GERD. See “CAPRI,” received July 30, 2018, page 76 of 104.

A thorough explanation must be provided for the opinions rendered. If the examiner cannot provide the requested opinions without resorting to speculation, s/he should expressly indicate this and provide supporting rationale as to why the opinions cannot be made without resorting to speculation. 

(Continued on the next page)

 

The examiner is advised that by law, the mere statement that the claims folder was reviewed and/or the examiner has expertise is not sufficient to find the examination/opinion sufficient.

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. McLendon, Associate Counsel